UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL S.[1],

               Plaintiff,

v.                                                                 CASE # 19-cv-00095

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.
_____

APPEARANCES:                                        OF COUNSEL:

LAW OFFICES OF KENNETH HILLER          ELIZABETH HAUNGS, ESQ.
 Counsel for Plaintiff                             KENNETH HILLER, ESQ.
6000 North Bailey Ave
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.              CATHERINE ZURBRUGG, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II   DENNIS CANNING, ESQ.
 Counsel for Defendant                          MEGHAN MCEVOY, ESQ.
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

       The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative

---

[1] In accordance with Standing Order in November 2020, to better protect personal and medical information of non-governmental parties, this Memorandum-Decision and Order will identify plaintiff by first name and last initial.

record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on December 19, 1968, and has a high school education. (Tr. 79, 197). Generally, plaintiff's alleged disability consists of right shoulder replacement, Type II diabetes, high cholesterol, left shoulder damage, left knee damage, herniated discs, and back injury. (Tr. 196). His alleged onset date of disability is June 1, 2010. (Tr. 192). His date last insured was June 30, 2013. (Tr. 192).

### B. Procedural History

On May 21, 2015, plaintiff applied for a period of Disability Insurance Benefits (SSD) under Title II of the Social Security Act and for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. (Tr. 171-76). Plaintiff's applications were denied, after which he timely requested a hearing before an Administrative Law Judge (ALJ). On November 16. 2017, plaintiff appeared before the ALJ, Stephen Cordovani. (Tr. 44-78). On February 7, 2018, ALJ Cordovani issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 8-19). On November 30, 2018 the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2013.

2. The claimant has not engaged in substantial gainful activity since June 1, 2010, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.).*

3. The claimant has the following severe impairments: obesity, degenerative joint disease of the bilateral shoulders status post bilateral shoulder arthroplasties and replacements; degenerative joint disease of the left knee status post left total knee replacement; degenerative disc disease of the cervical spine with congenital fusion at C2-C3 (20 CFR 44.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can frequently push, pull and bend, can frequently climb stairs and ramps, can occasionally crouch, can never kneel, crawl, squat or climb ropes, ladders or scaffolds, can frequently reach and occasionally reach overhead, can never work on uneven ground and requires the ability to alternate from sitting to standing every thirty minutes for five minutes.

6. The claimant is unable to perform past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on December 19, 1968 and was 41 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date. The claimant subsequently changed age category to a younger individual age 45-49 (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material because using the Medical-Vocational Rules as a framework supports that the claimant is "not disabled," whether or not he has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from November 15, 2013, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 13-27).

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff makes four arguments in support of his motion for judgment on the pleadings. First, plaintiff argues the record was too incomplete to support the ALJ's determination. Second, the Appeals council improperly rejected material evidence. Third, the ALJ improperly relied on a stale medical opinion. Lastly, the ALJ's evaluation of plaintiff's activities of daily living was improper. (Dkt. No. 10 at 1 [Pl.'s Mem. of Law]).

### B.     Defendant's Arguments

Defendant responded to each of plaintiff's arguments. First, defendant asserts the ALJ appropriately developed the record. (Dkt. No. 17 at 14 [Def.'s Mem. of Law]). Second, substantial evidence supports the ALJ's evaluation of plaintiff's subjective complaints and RFC. (*Id*. at 20). Lastly, additional evidence submitted to the Appeals Council was not time relevant. (*Id.* at 28).

## III.    RELEVANT LEGAL STANDARD

### A.     Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct

legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.    Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

### A.  Development of the Record

Plaintiff argues the record was incomplete and therefore could not support the ALJ's determination. (Dkt. No. 10 at 9). At the hearing, plaintiff's representative stated a substantial amount of medical evidence was missing, including records from before the date last insured. (Tr. 47). In response the ALJ admitted into evidence four medical records from a prior application in 2012 but clarified that he would not be reopening the previous application and denied the representative's request for a postponement. (Tr. 49-50). The plaintiff's representative identified missing records from a November 2015 left knee replacement surgery at Buffalo General Hospital, but the ALJ responded that there were treatment notes which referenced the procedure within the administrative record. (Tr. 50). Plaintiff's representative also reported records from a left total shoulder replacement in 2017 at Buffalo General Hospital were absent. Plaintiff's appointed attorney representative Michael Reese had previously informed the ALJ that these exhibits were missing in a five-day letter on November 9, 2017. (Tr. 259-260). The ALJ gave plaintiff seven days to obtain and submit the Buffalo General Hospital Records but advised he would not accept other evidence not included in the November 9th five-day letter due to an absence of cause or other explanation allowing for the admittance of additional evidence. (Tr. 51).

Under SSA's regulations at 20 C.F.R. §§ 404.935(a), 416.1435(a), an individual or his counsel must inform SSA about or submit written evidence at least five business days prior to a scheduled hearing with certain exceptions set forth in 20 C.F.R. §§ 404.935(b), 416.1435(b). Those exceptions are: (1) our action misled the claimant; (2) a physical, mental, educational, or linguistic limitation prevented the claimant from disclosing or submitting evidence; or (3) some other unusual, unexpected or unavoidable circumstance beyond the claimant's control prevented disclosure or submission of the evidence. 20 C.F.R. §§ 404.935(b), 416.1435(b).

At the hearing on November 16, 2017, plaintiff's other appointed representative, Mr. Cook, stated he was unable to know what was missing earlier because the case was transferred to him two weeks prior to the hearing from Mr. Reese, who had represented plaintiff since April 2015. (Tr. 47, 97). Mr. Cook failed to identify an exception to the five-day rule and the ALJ concluded there was an absence of any due cause, explanation or other clerical error under the Regulations to permit additional efforts to obtain records. Plaintiff now asserts the recent appointment of a new representative is an exception under the Regulations. (Dkt. No. 10 at 11). However, the Appointment of Representative Form indicates both Mr. Reese and Mr. Cook signed that document, accepting appointment, on November 2, 2017. (Tr. 164). As stated above, Mr. Reese sent the letter later that week identifying the missing records. (Tr. 260). Although new counsel was appointed, that event does does not qualify as an unusual, unexpected, or unavoidable situation which differentiates it from the facts in *Candelaria v. Saul*, No. 18-CV-557, 2019 WL 4140937, at *3 (W.D.N.Y. Aug. 30, 2019), upon which plaintiff relies. In that case, plaintiff was pro se initially and at the second hearing counsel had just been recently obtained.

More significantly, plaintiff fails to describe the allegedly missing records and establish their importance. *Morris v. Berryhill*, 721 F. App'x 25, 27 (2d Cir. 2018) ("theoretical possibility

[that records exist] does not establish that the ALJ failed to develop a complete record."). This clearly is distinguishable from the recent case law relied up on by plaintiff in his reply brief. (Dkt. No. 20 at 2). In *Donohue*, the plaintiff had informed the ALJ of specific missing school records, identified as special education documents directly related to the alleged impairments, and detailed the efforts to obtain the records. Additionally, there had been an Appeals Council remand with failure to obtain any records after the first hearing leaving a glaring gap. *Bonnie Donohue O/B/O B.G. v. Comm'r of Soc. Sec.*, No. 18-CV-01412, 2020 WL 1530834, at *4 (W.D.N.Y. Mar. 31, 2020). Here, plaintiff failed to send additional records of treatment to the Appeals Council and never provided proof that there were outstanding requests for records beyond those identified in the five-day letter. Under the circumstances described above, the ALJ did not abuse his discretion in declining to keep the record open for theoretical records.

Plaintiff's tandem argument that it was highly possible he could have established good cause for reopening his prior claim if allowed to submit additional records after the five-day requirement is also unavailing. (Dkt. No. 10 at 13-14). A Title II case *may* be reopened within four years of the date of the notice of the initial determination if good cause is established or at any time if certain circumstances are present, none of which apply in this case. 20 C.F.R. § 404.988(b)-(c). Plaintiff filed his prior application in May 2012, and agency records show that the notice of initial determination denying plaintiff's claim was dated September 10, 2012. Thus, the four-year reopening period has expired. Plaintiff's pre-hearing memorandum requests the prior application be reopened for good cause but offers no further analysis or support. (Tr. 256). *See* 20 C.F.R. § 404.988(b); *Owens v. Apfel*, No. 98 Civ. 4379 (LMM), 2004 WL 2725083, at *3 n.8 (S.D.N.Y. Nov. 24, 2004) (finding that claimant missed opportunity for review of his prior claim because more than four years had passed since the date of the notice of the initial determination and stating

that "a claim cannot be constructively reopened where it could not have been actually reopened"). Plaintiff had the opportunity to submit new and material evidence when asking for reopening, regardless of what was in the previous file, but plaintiff did not submit any evidence to support the request.

### B. Medical Opinion Evidence

In a closely related argument, plaintiff asserts the ALJ relied on stale medical evidence to support his RFC finding. (Dkt. No. 10 at 18). The administrative record before the ALJ had medical opinions from three sources. The ALJ gave great weight to the August 2015 opinion of consultative examiner Dr. Siddiqui. (Tr. 17). Plaintiff maintains this is error because plaintiff underwent a knee replacement in November 2015 and a shoulder replacement in March 2017. (Dkt. No. 10 at 18). To be sure, "a medical opinion is [not] stale merely because it pre-dates other evidence in the record, where . . . the subsequent evidence does not undermine [the opinion evidence]." *Hernandez v. Colvin*, No. 15-CV-6764 CJS, 2017 WL 2224197, at *9 (W.D.N.Y. May 22, 2017) (citing *Camille v. Colvin*, 652 F. App'x 25, 28 n.4 (2d Cir. 2016) (summary order)). Additionally, the regulations require the ALJ to assess a claimant's RFC "based on all the relevant evidence in [the claimant's] case record," and further explain that such evidence includes objective medical evidence (*i.e.,* medical signs or laboratory findings), medical opinions, medical history, clinical findings, prescribed treatment, and the claimant's own descriptions of his limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); *see also* 20 C.F.R. §§ 404.1513(a)(1)-(5), 416.913(a)(1)-(5).

While medical opinions based on an incomplete medical record may not be substantial evidence, opinions supported by substantially similar findings in treatment notes may constitute substantial evidence. *Camille v. Colvin,* No. 14–CV–6155 EAW, 104 F.Supp.3d 329, 343–44, 2015 WL 2381030, at *13 (W.D.N.Y. May 19, 2015). ALJ Cordovani addressed plaintiff's 2015

9

and 2017 surgeries and thoroughly discussed the subsequent medical evidence, such as records that showed improvement and increased activities of daily living. (Tr. 15-16). Furthermore, ALJ Cordovani was permitted to formulate an RFC without a medical opinion after the surgeries. *Berry v. Schweiker*, 675 F.2d 464, 468 (2d Cir. 1982) (holding that the ALJ's RFC finding, which restricted Berry to non-stressful work, was supported by the clinical findings of an examining psychiatrist and Berry's hearing testimony); *Monroe v. Comm'r of Soc. Sec*, 676 F. App'x. 5, 9 (2d Cir. 2017) (finding that the ALJ could rely on treatment notes and activities of daily living to formulate the RFC assessment, and rejecting the argument that a medical opinion was required); *Johnson v. Colvin*, 669 Fed. App'x 44, 46 (2d Cir. 2016) (explaining that an ALJ looks to "all of the relevant medical and other evidence" including relevant medical reports, medical history, and statements from the claimant when assessing the claimant's RFC).

Although surgeries were performed after the consultative examination, the ALJ discussed objective evidence from both before and after in formulating his RFC. *See* 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2) (ALJ may consider objective medical evidence); *Reices-Colon v. Astrue*, 523 F. App'x 796, 799 (2d Cir. 2013) (improvement with treatment is properly considered in concluding claimant not disabled). The ALJ appropriately considered evidence showing that plaintiff's right shoulder improved after his 2012 surgery and that his left shoulder condition improved after a March 2017 surgery. (Tr. 16, 313, 326-27). Similarly, in September 2016, plaintiff told Dr. Cavagnaro that his right shoulder was doing pretty well. (Tr. 366). One month after surgery, in April 2017, plaintiff reported to Dr. Lates that his left shoulder pain was stable and in July 2017 he admitted to Dr. Lates that his left shoulder surgery was helpful. (Tr. 310, 316). The ALJ also appropriately considered evidence related to plaintiff's left knee. As discussed by the ALJ, plaintiff reported less knee pain after his November 2015 left knee surgery. (Tr. 16, 344-

45). Further, the ALJ properly considered examinations showing normal gait, the ability to perform a full squat, and normal ROM of the knees even prior to surgery. (Tr. 16, 304-05, 472-73). Indeed, plaintiff's examinations consistently showed full knee ROM, intact reflexes, and no sensory or motor deficits (Tr. 297, 312, 333, 340, 345, 348, 351, 355). He could also walk on his heels and toes with mild or no difficulty, change for the examination, getting on and off the examination table, and arise from his chair without difficulty prior to the surgery. (Tr. 304-05, 472).

This Court finds the ALJ dutifully assessed the RFC based on all the relevant evidence contained in the record. 20 C.F.R. §§ 404.1545 (a)(3) and 416.945(a)(3) ("We will assess your residual functional capacity based on all of the relevant medical and other evidence."). Specifically, the ALJ's limitation of plaintiff to sedentary work, which involves lifting no more than 10 pounds, was consistent with his statements that he could lift 10 to 20 pounds. (Tr. 14, 212, 471). The RFC's limitations to sedentary work with no kneeling and frequent bending were consistent with Dr. Liu's assessment of moderate limitations in lifting, carrying, kneeling, and bending. (Tr. 14-15, 474). The RFC's limitations to sedentary work with frequent climbing of ramps and stairs; no climbing of ropes, ladders, or scaffolds; and frequent pushing, pulling, and bending were consistent with Dr. Siddiqui's opinion that plaintiff had mild to moderate limitations in sitting, standing, climbing, pushing, pulling, and carrying heavy objects. (Tr. 14-15, 305). The ALJ also accounted for plaintiff's statements that he could never kneel or squat by prohibiting him from performing these movements. (Tr. 15, 60). The RFC's limitation to frequent reaching and occasional reaching overhead was consistent with plaintiff's statements that reaching hurt at certain angles and that his pain increased with use of his hands overhead. (Tr. 15, 213, 303). The ALJ also directly accommodated plaintiff's statements that he had to adjust positions after 30

minutes of sitting and that he could stand for up to 10 minutes without pain by including a limitation to alternate from sitting to standing every 30 minutes for 5 minutes. (Tr. 15, 212-13).

### C. Activities of Daily Living

Plaintiff argues the ALJ improperly evaluated his activities of daily living, but the Court finds the ALJ correctly considered them in evaluating plaintiff's subjective statements. (Dkt. No. 10 at 21). The ALJ characterized plaintiff as having a good activity level, citing household tasks, caring for a child, living on an upper floor apartment, doing laundry at a laundromat twice a month, driving, and grocery shopping. (Tr. 16).

The ALJ must employ a two-step analysis to evaluate plaintiff's reported symptoms. *See* 20 C.F.R. §§ 404.1529, 416.929. First, the ALJ must determine whether, based on the objective medical evidence, plaintiff's medical impairments "could reasonably be expected to produce the pain or other symptoms alleged." 20 C.F.R. §§ 404.1529(a), 416.929(a). Second, if the medical evidence establishes the existence of such impairments, the ALJ must evaluate the intensity, persistence, and limiting effects of those symptoms to determine the extent to which the symptoms limit plaintiff's ability to do work. *See id.*

At this second step, the ALJ must consider: (1) plaintiff's daily activities; (2) the location, duration, frequency, and intensity of plaintiff's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication plaintiff takes or has taken to relieve his pain or other symptoms; (5) other treatment plaintiff receives or has received to relieve his pain or other symptoms; (6) any measures that plaintiff takes or has taken to relieve his pain or other symptoms; and (7) any other factors concerning plaintiff's functional limitations and restrictions due to his pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 416.929(c)(3)(i)-(vii).

Here, the ALJ concluded plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms; however, plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 15). Where an ALJ's reasoning and adherence to the regulations is clear, she is not required to explicitly go through each and every factor of the regulation. *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) (plaintiff challenged ALJ's failure to review explicitly each factor provided for in 20 C.F.R. § 404.1527(c), the Court held that "no such slavish recitation of each and every factor [was required] where the ALJ's reasoning and adherence to the regulation [was] clear"). Although ALJ Cordovani did not explicitly evaluate every factor outlined in 20 C.F.R. §§ 404.1529(c), 416.929(c), the ALJ's adherence to the regulations was clear and his determination supported by substantial evidence.

The ALJ properly considered plaintiff's activities of daily living in evaluating plaintiff's subjective complaints. A claimant need not be an invalid to be found disabled under the Social Security Act. *Jackson v. Comm'r of Soc. Sec.*, No. 17-CV-916, 2019 WL 2123566, at *5 (W.D.N.Y. May 15, 2019). However, plaintiff took care of his girlfriend's child, drove to a laundromat twice a week, grocery shopped monthly, cleaned, and walked his girlfriend's son to school. (Tr. 55-56, 62, 64, 66). Evidence plaintiff is capable of engaging in such activities despite his allegations supports the ALJ's determination that the alleged symptoms are not disabling. *Poupore v. Astrue*, 566 F.3d at 307; *Rivera v. Harris*, 623 F.2d 212, 216 (2d Cir. 1980).

### D.  Appeals Council Action

On May 8, 2018, after the ALJ's February 7, 2018 decision, plaintiff submitted to the Appeals Council a Medical Examination for Employability Assessment (Employability Assessment) completed by Dr. Lates on March 19, 2018. (Tr. 35-37). Plaintiff attached laboratory

results and a clinical visit summary from Dr. Lates bearing the same date, which is the date Dr. Lates stated that he last saw plaintiff. (Tr. 35-43). The Appeals Council found the additional evidence did not relate to the period at issue and therefore did not affect the decision about whether plaintiff was disabled beginning on or before February 7, 2018. (Tr. 2). Plaintiff argues the Appeals Council used an incorrect standard and remand is appropriate to consider the new evidence. (Dkt. No. 10 at 16). Plaintiff's argument fails because the evidence is not new, material, and does not relate to the period on or before the date of the hearing decision as required.

Indeed, evidence may not be deemed irrelevant solely because of timing. *See Hightower v. Colvin*, No. 12-CV-6475T, 2013 WL 3784155, at *3 (W.D.N.Y. July 18, 2013)("Additional evidence may relate to the relevant time period even if it concerns events after the ALJ's decision, provided the evidence pertains to the same condition previously complained of by the plaintiff"). However, the form completed by Dr. Lates does not indicate it was retrospective or that the limitations applied to any date earlier than signed. (Tr. 36-37). Although Dr. Lates was a treating source, he had not examined plaintiff for eight months prior to the opinion in question. During the July 2017 examination, plaintiff reported the left shoulder surgery had helped, he had normal ROM of his upper and lower extremities and normal reflexes, sensation, and motor findings. (Tr. 310, 312). Dr. Lates also counseled plaintiff regarding regular exercise at that time. (Tr. 371).

Plaintiff's arguments that the Appeals Council was also required to give good reasons for its evaluation of the treating source opinion is not supported by caselaw in this situation. *See Overbaugh v. Astrue*, 2010 WL 1171203, at *12 (N.D.N.Y. Mar. 22, 2010) ("Before determining whether or not the Appeals Council properly applied the treating physician rule to the additional evidence, the Court must determine whether or not the evidence is new, material and related to the period on or before the date of the ALJ's decision. Thus, it is not necessary for the Court to engage

in an analysis of the . . . applicability of the treating physician rule unless or until the Court determines that the Appeals Council was required to consider the additional evidence."). In sum, although the Appeals Council may not reject evidence solely by date, this Court cannot conclude that the Appeals Council should have found Dr. Lates March 19, 2018 questionnaire and treatment notes related to the period at issue.

**ACCORDINGLY, it is**

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is

**DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 17) is

**GRANTED**.

Dated: July 30, 2021
Rochester, New York

*J. Gregory Wehrman*
HON. J. Gregory Wehrman
United States Magistrate Judge